ACCEPTED
13-15-00287-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
11/25/2015 1:03:58 PM
Dorian E. Ramirez
CLERK

No. 13-15-00287-CR

IN THE

THIRTEENTH COURT OF APPEALS

at Corpus Christi

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
11/25/2015 1:03:58 PM
DORIAN E. RAMIREZ
Clerk

_____

JUAN TORRES RODRIGUEZ

Appellant,

v.

THE STATE OF TEXAS,

Appellee.

_____

Appealed from Cause Number S-14-3162-CR
In the 36th Judicial District Court of
San Patricio County, Texas

_____

APPELLEE'S BRIEF

_____

Michael E. Welborn
District Attorney

Samuel B. Smith, Jr.
Assistant District Attorney
Texas Bar No. 18682570
P.O. Box 1393
Sinton, Texas 78387
Tel.    (361) 364-9390
Fax    (361) 364-9490

ATTORNEY FOR APPELLEE,
THE STATE OF TEXAS

ORAL ARGUMENT NOT REQUESTED

## IDENTITIES OF THE PARTIES

APPELLANT                                             Juan Torres Rodriguez

Trial Judge                                           Honorable Joel B. Johnson
                                                      36th District Court
                                                      400 W. Sinton Street
                                                      Sinton, Texas 78387

Trial Attorney and Appeal                             Samuel B. Smith, Jr.
Attorney For State                                    State Bar No. 18682570
                                                      Assistant District Attorney
                                                      P.O. Box 1393
                                                      Sinton, Texas 78387

Trial Attorney/Appellant                              David Phillips
                                                      State Bar No. 15922525
                                                      P.O. Box 124
                                                      Corpus Christi, Texas 78403

Appellant Attorney                                    Irma Mendoza Sanjines
                                                      State Bar No. 17635655
                                                      P.O. Box 4005
                                                      Corpus Christi, Texas 78469

**TABLE OF CONTENTS**

**PAGE**

IDENTITY OF PARTIES AND COUNSEL ii

INDEX OF AUTHORTIES iv

STATEMENT OF THE CASE 1

STATE'S REPLY TO APPELLANT'S ISSUE 1,2

STATEMENT OF FACTS 2,3

SUMMARY OF THE ARGUMENT AND 4
REPLY TO APPELLANT'S FIRST ISSUE

ARGUMENT AND AUTHORITIES ISSUE NUMBER ONE 4,5

CONCLUSION/PRAYER 5

CERTIFICATE OF SERVICE 6

CERTIFICATE OF COMPLIANCE 6

# INDEX OF AUTHORITIES

Cases:                                                                    Page

Brooks v State, 323 S.W.3d 383 (Tex.Crim App. 2010)              4


Brooks v State, 323 S.W.3d 383 (Tex.Crim App. 2010)              5

## STATEMENT OF CASE

Juan Torres Rodriguez (hereafter Appellant), was charged in a two count indictment with Possession of a Controlled Substance, to-wit: Cocaine less than one gram, a state jail felony (Count One), and Tampering with Physical Evidence, a third degree felony (Count Two). Clerks Record (hereafter CR) p. 6

Appellant pled not guilty and was tried by the jury on December 8, and 9, 2014. Reports Record, (Hereafter RR) p.3 The jury found Rodriguez guilty on both counts. (CR pp.44-45) A Pre Sentence Investigation report was ordered and a punishment hearing was scheduled for February 20, 2015. (CR, p.46)

Appellant failed to appear on February 20, 2015. (CR, p.55) On June 29, 2015, the trial court conducted a punishment hearing and sentenced Appellant to eighteen months on Count Ones, and six years on Count Two, to run concurrently. (CR, pp. 81-88) The trial court certified his right of appeal. (CR, p. 63)

Appellant filed his timely Notice of Appeal, on June 30, 2015. (CR, p.65)

## STATE'S REPLY TO APPELLANT'S ISSUE

The State proved its case beyond a reasonable doubt to the jury which heard the testimony and returned a verdict of guilty to the charge. The jury heard the testimony, weighed the evidence and returned a guilty verdict. The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. An appellant's interpretation of the evidence is not controlling, the jury is the final arbiter of the facts

1

presented.

## STATEMENT OF FACTS

The state's first witness was Sinton Police Officer Aaron Putnam. (RR, pp. 32-58) Officer Putnam first noticed appellant at 11:30 p.m. with a beer bottle in his hand in the 700 block of Ave C, in Sinton TX. (RR, p. 34, lines 16-20) Officer Putnam then proceeded to the 700 block of Ave. D to see if the appellant was going to go to this address as he had a criminal trespass warning not to be on the property. (RR, pp. 34-35, p. 34, lines 23-25 and p. 35 lines 1-3) Officer Putnam observed Appellant enter the property and made contact with Appellant and attempted to arrest appellant for the criminal trespass violation. (RR, p. 36, lines 7-16) When Officer Putnam tried to arrest the Appellant he began to resist. (RR, p. 36 Lines 21-24) Officer Putnam observed a baggie in Appellant's hand, asked him what he had and Appellant tried to conceal what he had in his hand from the officer. (RR, p. 37, lines 18-22) Officer Putnam testified that after he asked Appellant what he had in his hand he began to resist even more and Officer Christian Martinez arrived to help him with the arrest of the Appellant. (RR, p. 38, lines 9-17) Officer Putnam testified that he and Officer completed handcuffing Appellant and that Officer Martinez saw something in Appellant's hand. (RR, p. 38, lines 23-24) Officer Putnam testified that Appellant then switched the baggie from his right hand to his left hand and attempted to grind up what was in his hand by rapidly clinching his left hand. (RR, p. 39, lines 1-6) Officer Putnam testified that he had to physically pry open the Appellant's hand to remove the baggie. (RR, p.42, lines 1-2) The baggie once recovered from the Appellant's hand was bagged as evidence and transported to the evidence locker

2

at the police station. (RR, p. 39, lines 16-19)

Officer Christian Martinez was the state's second witness who testified that he responded as backup to Officer Putnam and helped secure Appellant. He did offer testimony that Appellant was concealing the baggie in his hand and that Officer Putnam had to hit the Appellant's hand to get him to turn loose of the baggie in his hand. (RR, p.67, lines 12-18)

Detective Roush, Sinton Police Department, testified next, and stated he retrieved baggie that was in evidence and transported it to DPS crime lab in Corpus Christi, Texas. (RR, pp. 75-76)

Natalia Sanchez, Lab Technician with the DPS tesitified that she tested the substance in the baggie (States Exhibit #1) and it was cocaine. (RR, pp. 79-89)

The State then rested on its case in chief (RR, p.89)

The Appellant called two witnesses to testify, Delphino Bustamante and the Appellant's girlfriend Mary E. Reese.

Delphino Bustamante testified that he had on a day previous to the night Appellant was arrested he had taken the Appellant to deliver some medicine to Mary E. Reese at her apartment and that the Appellant was arrested by Officer Putnam for trespassing on the apartment grounds when they arrived.(RR, pp. 92-97)

Mary E. Reese, testified that in her opinion the Sinton Police didn't like the Appellant because she was married previously to a Sinton Police officer and that on the night in question she didn't see a baggie of cocaine in the Appellant's hand when he was arrested.(RR, pp.98-119)

3

**Reply to Appellant's Sole Issue**: The State presented sufficient evidence to support the jury's finding that Appellant had, beyond a reasonable doubt, committed the offense of Tampering With Evidence. (CR, pp.35-36)

<u>**Argument and Authorities**</u>

The standard for reviewing a case for legal sufficiency of evidence to support a verdict is the Jackson v Virginia standard, which asks whether a jury was rationally justified in finding guilt beyond a reasonable doubt when the evidence is considered in the light most favorable to the verdict. <u>Brooks v State,</u> 323 S.W.3d 383 (Tex.Crim App. 2010) Appellant's whole argument is based on his interpretation of the evidence. A review of the evidence in the record of this case does not support his interpretation.

Appellant argues that he didn't "know" that an official investigation was in progress because previous trespassing charges against him had been dismissed or "no charged". This conveniently ignores the fact that appellant while being arrested for the trespass warning from the apartment complex, he was found with a baggie in his hand that he was concealing. The officers told him why he was being arrested as was testified to Mary E. Reese, Appellant's girlfriend (RR, p.103, lines 13-15). During this arrest he tried to conceal the evidence as per Officer Putnam's testimony (RR, p. 37, lines 18-22) and Officer Martinez's testimony (RR, p.66, lines 15-22).

The next point, was there evidence that the jury could consider that the Appellant had the intent to impair the availability of the evidence. This was answered by Officer Putnam's testimony that the appellant was trying to grind the evidence up in his

4

hand.(RR, p39, lines 1-6) Officer Martinez testified that after repeatedly telling Appellant to open his hand it was necessary to hit the Appellant's hand to retrieve the evidence.(RR, p.67, lines 7-18)

Viewing the evidence in the light most favorable to the verdict under a legal-sufficiency standard means that the reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. Brooks v State, 323 S.W.3d 383 (Tex.Crim App. 2010.) The Appellant wishes for this court to believe his interpretation of the evidence when the jury did not. The State presented ample evidence for the jury to find the elements of the charge submitted to jury on Tampering With Evidence. (CR, pp.35-36)

## PRAYER

The Appellant has presented no grounds in his appeal which justify the relief sought. Accordingly, Appellee respectfully prays that this Honorable Court affirm the judgment of the trial court in all respects.

Respectfully submitted,

Michael Welborn
District Attorney

*/s/ Samuel B. Smith, Jr.*

Samuel B. Smith, Jr.
Assistant District Attorney

5

State Bar No. 18682570
P.O. Box 1393
Sinton, Texas 78387
Tel. (361) 364-9390
Fax (361) 364-9490
samuel.smith@co.san-patricio.tx.us

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of November, 2015, a true and correct copy of the above and foregoing instrument was faxed to Irma M. Sanjines, Attorney for Appellant, P.O. Box 18993, Corpus Christi, Texas 78480 and 361-883-9650.

*/s/ Samuel B. Smith, Jr.*

Samuel B. Smith, Jr.
Assistant District Attorney

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rules of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 9.4(i)(1), is 1624.

*/s/ Samuel B. Smith, Jr.*

Samuel B. Smith, Jr.
Assistant District Attorney

6